United States v. Belfon

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of March, two thousand twenty-three.

PRESENT:
> **GUIDO CALABRESI,**
> **MICHAEL H. PARK,**
> **WILLIAM J. NARDINI,**
> *Circuit Judges.*

---

United States of America,

> *Appellee,*

> v.                                                                 **21-1444**

Cliphas Belfon,

> *Defendant-Appellant.*\*

---

| FOR APPELLEE: | EMILY DEININGER (David R. Felton, and Stephen J. Ritchin, *on the brief*), Assistant United States Attorneys, *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY. |
|---|---|

---

\* The Clerk of Court is respectfully directed to amend the caption accordingly.

**FOR DEFENDANT-APPELLANT:** STEVEN D. FELDMAN, Murphy & McGonigle, P.C., New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Seibel, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Cliphas Belfon pleaded guilty to conspiracy to transport, receive, possess, and sell stolen vehicles in violation of 18 U.S.C. § 371. The district court (Seibel, *J.*) imposed a below-Guidelines sentence of 52 months' imprisonment followed by three years of supervised release. The district court also imposed special conditions of supervised release, including outpatient mental-health treatment. Belfon appeals his sentence, arguing that (1) the district court's sentence is based on factual errors, (2) the district court's comments during sentencing exhibited bias against him, and (3) the district court provided insufficient explanation for its imposition of mental-health treatment as a condition of supervised release. Belfon also seeks reassignment of his case to a different district judge on remand. We assume the parties' familiarity with the facts, the procedural posture, and the issues on appeal.

**I.  Factual Findings**

Belfon argues that two of the district court's factual findings were erroneous. First, the district court found that Belfon "beat[] up his pregnant girlfriend . . . so badly that she was admitted to the hospital for two days." App'x at A-249, A-252. Second, the district court found that Belfon lacked "legitimate employment since December 2019," in particular, "steady employment that's lasted or that was more than menial." *Id.* at A-253. Belfon instead "seemed content to be supported by his family" after his arrest. *Id.* Belfon did not object to either finding below, so we

2

review for plain error.[2] *See* Fed. R. Crim. P. 52(b); *see also United States v. Moore*, 975 F.3d 84, 90 (2d Cir. 2020) (noting that plain error requires showing that "(1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the appellant's substantial rights; and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings.").

The district court's comments regarding Belfon's assault were supported by the evidence. The Presentence Report noted that the U.S. District Court for the Middle District of Florida revoked Belfon's supervised release in connection with a prior federal criminal conviction after Belfon's arrest for battery of the pregnant mother of his two children. Presentence Report at 13. Belfon was subsequently sentenced to nine months of incarceration. That revocation of supervised release was necessarily predicated on the Florida court's finding "by a preponderance of the evidence that [Belfon] violated a condition of supervised release" by committing battery. 18 U.S.C. § 3583(e)(3). The district court here appropriately relied on the Florida district court's finding and thus did not base its sentence "solely on unproven charges in an indictment" absent "substantiat[ion] by a preponderance of the evidence." *United States v. Juwa*, 508 F.3d 694, 700-01 (2d Cir. 2007).

Likewise, the district court's comments about Belfon's work history were supported by the evidence. The record indicates that Belfon had been financially supported by his family aside from odd jobs since December 2019.

---

[2] The government argues that Belfon tactically waived the former issue. We need not decide whether waiver applies because Belfon has, in any case, "fail[ed] to demonstrate any error whatsoever." *United States v. Brown*, 843 F.3d 74, 81 (2d Cir. 2016).

## II. Bias

Belfon argues that the district court demonstrated bias against him based on its comments regarding a traffic stop involving a rental car and Belfon's decision to seek financial assistance for transportation from the United States Marshal and the Federal Defenders of New York. Upon review, we see no impropriety in the record. *Cf. Liteky v. United States*, 510 U.S. 540, 555 (1994) (noting that "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism").[3]

## III. Conditions of Supervised Release

Belfon argues that the district court erred in imposing outpatient mental-health treatment as a condition of supervised release without explaining the basis for the condition.[4] "District courts possess broad discretion in imposing conditions of supervised release." *United States v. Betts*, 886 F.3d 198, 202 (2d Cir. 2018). Nevertheless, "[a] district court is required to make an individualized assessment when determining whether to impose a special condition of supervised release, and to state on the record the reason for imposing it." *Id.* "In the absence of such an explanation, we may uphold the condition imposed only if the district court's reasoning is self-evident in the record." *Id.* (cleaned up).

---

[3] Belfon's request for a different judge on remand is moot because we affirm on all issues.

[4] Belfon did not contemporaneously object, and the parties dispute whether the Court should review for standard plain error or a "relaxed" version of plain error. In particular, the government suggests that our precedent establishing a "relaxed" form of plain error review in *United States v. Sofsky*, 287 F.3d 122, 125-26 (2d Cir. 2002), cannot stand in light of the Supreme Court's opinion in *Davis v. United States*, 140 S. Ct. 1060, 1061-62 (2020). Belfon cannot meet either standard, so we decline to reach the issue.

Here, the district court's rationale was both self-evident and sufficient. As the district court explained, Belfon's mitigation report explained at great length his "long history of psychiatric and neurological issues" continuing to the time of sentencing. App'x at A-278. *Compare United States v. Quarterman*, 739 F. App'x 60, 61-62 (2d Cir. 2018) (holding that a defendant's history of mental-health problems was a self-evident reason to impose a mental-health-treatment condition), *with United States v. Rakhmatov*, No. 21-151, 2022 WL 16984536, at *4 (2d Cir. Nov. 17, 2022) (vacating a mental-health-treatment condition when the record lacked a "self-evident" basis for the condition). Any error stemming from the district court's failure to explain its imposition of the condition was thus harmless, and we affirm the district court's imposition of the condition of supervised release.[5]

We have considered all of Belfon's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[5] Belfon may nevertheless move the district court to "modify, reduce, or enlarge the conditions of supervised release" by removing the mental-health-treatment condition. 18 U.S.C. § 3583(e)(2).