UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　*Plaintiff-Appellee,*

v.

CARLTON L. ROPER,
　　　　　*Defendant-Appellant.*

No. 01-4187

Appeal from the United States District Court
for the District of South Carolina, at Columbia.
Joseph F. Anderson, Jr., Chief District Judge.
(CR-00-622)

Submitted: October 18, 2001

Decided: October 29, 2001

Before MOTZ and GREGORY, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

John H. Hare, Assistant Federal Public Defender, Columbia, South
Carolina, for Appellant. Jane Barrett Taylor, OFFICE OF THE
UNITED STATES ATTORNEY, Columbia, South Carolina, for
Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Carlton Roper appeals his 130 month sentence and conviction upon a guilty plea to one count of possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) (1994). Roper's attorney has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), raising two issues on appeal but stating that, in his view, no meritorious issues exist for appeal. Roper has filed a pro se supplemental brief. Initially, Roper argues the district court did not follow the requirements of Rule 11 of the Federal Rules of Criminal Procedure at his plea hearing. Upon review of the record, we find the court engaged in a thorough Rule 11 colloquy, precisely following the Rule's mandates. Therefore, this contention lacks merit.

Roper next avers his indictment was defective under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), because it charged him with conspiracy to possess with intent to distribute over five grams of crack cocaine, but did not reference § 841(b)(1)(B), the statutory penalty subsection that governs such a quantity of crack cocaine. The formal indictment included the elements of the offense and informed Roper of the exact charges. There is no *Apprendi* requirement that the penalty subsection be included in the indictment, and thus Roper's contention is meritless. Moreover, Roper's sentence does not implicate *Apprendi* because it falls within the statutory maximum permissible for any violation of § 841(a). *See United States v. Kinter*, 235 F.3d 192, 201-02 (4th Cir. 2000).

Finally, in his supplemental brief, Roper argues he possessed only 35 grams of cocaine as opposed to the 37 grams for which he was sentenced. At the sentencing hearing, the court adopted the pre-sentence report, which indicated that Roper was in possession of 37 grams of cocaine. The court asked Roper if he had any objections to the pre-sentence report and Roper indicated he did not. Moreover,

neither Roper nor counsel presented any evidence countering the pre-sentence report's finding of 37 grams. Thus, Roper's final contention is neither preserved nor supported.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. The district court's judgment is therefore affirmed. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*