# SUPREME COURT OF THE UNITED STATES

## CHARLES EARL DAVIS *v.* UNITED STATES

### ON PETITION FOR WRIT OF CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT

No. 19–5421.  Decided March 23, 2020

PER CURIAM.

In July 2016, police officers in Dallas, Texas, received a tip about a suspicious car parked outside of a house in the Dallas area. The officers approached the car and encountered Charles Davis in the driver's seat. They ordered him out of the car after smelling marijuana. As Davis exited the car, the officers spotted a black semiautomatic handgun in the door compartment. They then searched Davis and found methamphetamine pills.

Davis had previously been convicted of two state felonies. In this case, a federal grand jury in the Northern District of Texas indicted Davis for being a felon in possession of a firearm, 18 U. S. C. §§922(g)(1), 924(a)(2), and for possessing drugs with the intent to distribute them, 21 U. S. C. §§841(a)(1), (b)(1)(C). Davis pleaded guilty to both counts. The presentence report prepared by the probation office noted that Davis was also facing pending drug and gun charges in Texas courts stemming from a separate 2015 state arrest. The District Court sentenced Davis to four years and nine months in prison and ordered that his sentence run consecutively to any sentences that the state courts might impose for his 2015 state offenses. Davis did not object to the sentence or to its consecutive nature.

Davis appealed to the U. S. Court of Appeals for the Fifth Circuit. On appeal, he argued for the first time that the District Court erred by ordering his federal sentence to run consecutively to any sentence that the state courts might impose for his 2015 state offenses. Davis contended that his 2015 state offenses and his 2016 federal offenses were

part of the "same course of conduct," meaning under the Sentencing Guidelines that the sentences should have run concurrently, not consecutively. See United States Sentencing Commission, Guidelines Manual §§1B1.3(a)(2), 5G1.3(c) (Nov. 2018).

In the Fifth Circuit, Davis acknowledged that he had failed to raise that argument in the District Court. When a criminal defendant fails to raise an argument in the district court, an appellate court ordinarily may review the issue only for plain error. See Fed. Rule Crim. Proc. 52(b).

But the Fifth Circuit refused to entertain Davis' argument at all. The Fifth Circuit did not employ plain-error review because the court characterized Davis' argument as raising factual issues, and under Fifth Circuit precedent, "[q]uestions of fact capable of resolution by the district court upon proper objection at sentencing can never constitute plain error." 769 Fed. Appx. 129 (2019) (*per curiam*) (quoting *United States* v. *Lopez*, 923 F. 2d 47, 50 (1991) (*per curiam*)). By contrast, almost every other Court of Appeals conducts plain-error review of unpreserved arguments, including unpreserved factual arguments. See, *e.g., United States* v. *González-Castillo*, 562 F. 3d 80, 83–84 (CA1 2009); *United States* v. *Romeo*, 385 Fed. Appx. 45, 49–50 (CA2 2010); *United States* v. *Griffiths*, 504 Fed. Appx. 122, 126–127 (CA3 2012); *United States* v. *Wells*, 163 F. 3d 889, 900 (CA4 1998); *United States* v. *Sargent*, 19 Fed. Appx. 268, 272 (CA6 2001) (*per curiam*); *United States* v. *Durham*, 645 F. 3d 883, 899–900 (CA7 2011); *United States* v. *Sahakian*, 446 Fed. Appx. 861, 863 (CA9 2011); *United States* v. *Thomas*, 518 Fed. Appx. 610, 612–613 (CA11 2013) (*per curiam*); *United States* v. *Saro*, 24 F. 3d 283, 291 (CADC 1994).

In this Court, Davis challenges the Fifth Circuit's outlier practice of refusing to review certain unpreserved factual arguments for plain error. We agree with Davis, and we vacate the judgment of the Fifth Circuit.

Per Curiam

Rule 52(b) states in full: "A plain error that affects substantial rights may be considered even though it was not brought to the court's attention." The text of Rule 52(b) does not immunize factual errors from plain-error review. Our cases likewise do not purport to shield any category of errors from plain-error review. See generally *Rosales-Mireles* v. *United States,* 585 U. S. \_\_\_ (2018); *United States* v. *Olano,* 507 U. S. 725 (1993). Put simply, there is no legal basis for the Fifth Circuit's practice of declining to review certain unpreserved factual arguments for plain error.

The petition for certiorari and the motion for leave to proceed *in forma pauperis* are granted, the judgment of the Fifth Circuit is vacated, and the case is remanded for further proceedings consistent with this opinion. We express no opinion on whether Davis has satisfied the plain-error standard.

*It is so ordered.*