# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
July 13, 2020

Lyle W. Cayce
Clerk

No. 18-40724
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE ARMANDO BAZAN,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before CLEMENT, ELROD, and OLDHAM, Circuit Judges.

PER CURIAM:

Jose Armando Bazan pleaded guilty to possession with intent to distribute cocaine.  On appeal, he argued that he should have received a mitigating role adjustment pursuant to U.S.S.G. § 3B1.2.  Because he failed to seek a mitigating role adjustment in the district court, this court concluded that he could not demonstrate plain error because the issue was a question of fact that was capable of resolution by the district court upon proper objection.  Thereafter, the Supreme Court concluded that "there is no legal basis for the Fifth Circuit's practice of declining to review certain unpreserved factual arguments for plain error." *Davis v. United States*, 140 S. Ct. 1060, 1061

No. 18-40724
Summary Calendar

(2020).  Accordingly, the Supreme Court granted Bazan's petition for certiorari, vacated this court's judgment, and remanded the case for further consideration in light of *Davis*.  *Bazan v. United* States, 140 S. Ct. 2016 (2020) (mem.).

As Bazan did not object to the denial of a mitigating role adjustment in the district court, review is for plain error.  *See United States v. Martinez-Larraga*, 517 F.3d 258, 272 (5th Cir. 2008).  Bazan fails to cite any evidence showing that the district court would have granted the adjustment for his role in the offense.  *See United States v. Torres-Hernandez*, 843 F.3d 203, 207 (5th Cir. 2016).  Though Bazan argues that he was merely a courier, the issue turns on his culpability relative to the other participants in the offense.  *See id.* at 209.

Bazan exercised decision-making authority by recruiting his brother and coordinating actions with Janet Villareal.  *See* § 3B1.2, comment. (n.3(C)(iii)); *see also* § 3B1.1, comment. (n.4).  Moreover, the plan between Bazan, his brother, and Villareal suggests that Bazan had some discretion regarding his role in the offense.  *See* § 3B1.2, comment. (n.3(C)(iv)).  Though Bazan contends that there was no evidence that he had a proprietary interest, there is likewise no evidence showing that he was paid a fee to transport the cocaine, and Bazan had the burden to demonstrate that the adjustment was warranted.  *See Torres-Hernandez*, 843 F.3d at 207; *see also* § 3B1.2, comment. (n.3(C)(v)).  Bazan has failed to show error, plain or otherwise.  The judgment of the district court is AFFIRMED.