# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-40725
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
August 5, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE ARMANDO BAZAN,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:16-CR-1376-4

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before SMITH, WIENER, and WILLETT, Circuit Judges.

PER CURIAM:[*]

When first presented with Defendant-Appellant Jose Armando Bazan's appeal, this court affirmed his sentence on the ground that, because his sole assertion of error was a question of fact capable of resolution at sentencing, the issue could not constitute plain error. *United States v. Bazan*, 772 F. App'x 214 (5th Cir. 2019). The Supreme Court vacated that decision and remanded for

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-40725

further consideration in light of *Davis v. United States*, 140 S. Ct. 1060, 1061 (2020), which requires that unpreserved claims of factual error be reviewed under the full plain error test. Because Bazan does not show that the district court committed a clear or obvious error, we again affirm.

Bazan pleaded guilty to conspiracy to possess with the intent to distribute 500 grams or more of cocaine. The conspiracy began when Bazan's father and Hugo De Hoyos stole some of the forty bundles of cocaine that they were transporting for a third party. They took thirty of the bundles for themselves and diluted the remaining ten into forty counterfeit bundles. They then staged a car accident so that the cloned bundles would be seized by law enforcement. Bazan's father took fifteen bundles as his share and asked Bazan to put him in touch with someone who would sell some of them. Bazan contacted a friend to see if the friend could sell part of the cocaine and then gave his friend's phone number to his father. Bazan's father and the friend arranged to sell three bundles of the cocaine but abandoned the plan when the cocaine would not sell because of its poor quality.

For the first time on appeal, Bazan contends that the district court erred when calculating his United States Sentencing Guidelines imprisonment range by failing to award an offense level reduction under section 3B1.2 for having a mitigating role in the offense. When a defendant has failed to object before the district court, "our review is for plain error under Federal Rule of Criminal Procedure 52(b)."[1] *United States v. Fuentes-Canales*, 902 F.3d 468, 473 (5th Cir. 2018). Under plain error review, the defendant has the burden to show four prongs. First and second, the defendant must show "(1) an error[,] (2) that is clear and obvious." *United States v. Hernandez-Martinez*, 485 F.3d

---

[1] "A plain error that affects substantial rights may be considered even though it was not brought to the court's attention." FED. R. CRIM. P. 52(b).

270, 273 (5th Cir. 2007). A factual finding, as is at issue here, "is not clearly erroneous as long as it is plausible in light of the record as a whole." *United States v. Jeffries*, 587 F.3d 690, 692 (5th Cir. 2009). Then a defendant must show "(3) that [the error] affected his substantial rights." *Hernandez-Martinez*, 485 at 273. If the first three prongs are met, "the court of appeals should exercise its discretion to correct the forfeited error if the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *Rosales-Mireles v. United States*, 138 S. Ct. 1897, 1905 (2018) (quoting *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1340 (2016)).

Section 3B1.2 of the Guidelines directs that a defendant's offense level be reduced by two levels "[i]f the defendant was a minor participant in any criminal activity," and a further reduction up to a total of four levels if the participation was "minimal." U.S. SENTENCING GUIDELINES MANUAL § 3B1.2 (U.S. SENTENCING COMM'N 2016). The reduction applies to a defendant "who plays a part in committing the offense that makes him substantially less culpable than the average participant in the criminal activity." *Id.* cmt. n.3(A). "The defendant has the burden to show that he is entitled to the adjustment." *United States v. Sanchez-Villarreal*, 857 F.3d 714, 721 (5th Cir. 2017). Whether a defendant played a mitigating role is a question of fact, and the court should consider:

> (i) the degree to which the defendant understood the scope and structure of the criminal activity; (ii) the degree to which the defendant participated in planning or organizing the criminal activity; (iii) the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority; (iv) the nature and extent of the defendant's participation in the commission of the criminal activity, including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts; (v) the degree to which the defendant stood to benefit from the criminal activity.

No. 18-40725

U.S.S.G. cmt. n.3(C). "It is improper for a court to award a minor participation adjustment simply because a defendant does less than the other participants. Rather, the defendant must do enough less so that he at best was peripheral to the advancement of the illicit activity." *United States v. Thomas*, 932 F.2d 1085, 1092 (5th Cir. 1991); *see also United States v. Castro*, 843 F.3d 608, 613 (5th Cir. 2016).

Bazan has failed to show that the district court clearly erred in not awarding him a mitigating role reduction. In light of the record as a whole, the district court's implicit finding that Bazan did not play a minor role in the criminal activity is plausible. First, many of the factors set forth in the Guidelines commentary weigh against granting the reduction. Bazan cites to no evidence, not even his own statement, that he did not know the scope of the overall conspiracy. Bazan helped organize the drug-trafficking conspiracy by acting as a broker, helping his father arrange for the sale of the stolen cocaine. Bazan not only exercised decision-making authority over whom he selected to put in touch with his father, he effectively recruited his friend as an additional participant in the crime. It is therefore plausible to view Bazan's involvement as more than merely peripheral.

Second, in light of those factors, it is not at all clear that Bazan is significantly less culpable than the average participant in the criminal activity here. Bazan is less culpable than his father and De Hoyos, who agreed to transport forty bundles of cocaine for a third party, developed a plan to steal part of the cocaine by cloning bundles, executed the plan by staging a vehicle accident and taking the cocaine, and maintained possession of the stolen cocaine. But Bazan's culpability as compared to the other three participants is not as clear. Victor Gonzales accompanied Bazan's father and De Hoyos when they picked up the cocaine and then, in exchange for $5,000, he staged the car

accident, which led to the seizure of the counterfeit bundles by driving the wrecked car and placing a fraudulent 911 call. Bazan presents no evidence, however, that Gonzales had any of the discretion that Bazan possessed or that Gonzales recruited another member of the conspiracy as Bazan did.

Vanessa Rios discovered her husband, De Hoyos, repackaging the diluted cocaine at their house, then took it on herself to help package five of the bundles when her husband told her that he needed to work quickly. Finally, the unindicted friend of Bazan's arranged with Bazan's father to sell three of the bundles and attempted to do so, stopping only when he could not find buyers. In his brief, Bazan does not address his culpability as compared to Gonzales, Rios, or Bazan's friend. It would be plausible based on the record to conclude that Bazan was roughly as culpable as those three, so Bazan has failed to show that he was substantially less culpable than the average participant.

Finally, Bazan does not cite to a single case in which this court, or any other, has reversed a district court's denial of a mitigating role adjustment. At the very best, Bazan has shown that his entitlement to the reduction was debatable. He has certainly not shown that failing to grant him the reduction was a clear error, and therefore cannot meet the high bar of plain error.

The judgment is AFFIRMED.