# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

September 30, 2020

Lyle W. Cayce
Clerk

No. 19-50508
Summary Calendar

United States of America,

*Plaintiff — Appellee,*

*versus*

Daniel Louis Lopez,

*Defendant — Appellant.*

___

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:18-CR-257-1

___

Before Higginbotham, Jones, and Costa, *Circuit Judges.*

Per Curiam:*

Daniel Louis Lopez appeals his conviction and life sentence for conspiracy to possess with intent to distribute at least 500 grams of a substance containing methamphetamine. He argues that the district court

___

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

erred in denying his motion to withdraw his guilty plea, and he challenges the assessment of the two-level enhancement under U.S.S.G. § 2D1.1(b)(12) for maintaining a premises for the purpose of distributing or manufacturing drugs.

The district court's denial of Lopez's motion to withdraw his guilty plea is reviewed for abuse of discretion. *See United States v. McKnight*, 570 F.3d 641, 645 (5th Cir. 2009). Lopez's argument on this issue implicates only two of the relevant factors: (1) whether he received close assistance of counsel and (2) whether his guilty plea was knowing and voluntary. *See United States v. Carr*, 740 F.2d 339, 343-44 (5th Cir. 1984). Specifically, he contends that his trial counsel did not provide close assistance and adequate representation in advising him about the guidelines range and sentence he could receive and that his guilty plea therefore was not made knowingly and voluntarily.

The record shows that Lopez was represented by his trial counsel throughout the proceedings and that Lopez indicated at his rearraignment hearing that he and counsel had discussed how the Sentencing Guidelines generally might apply in his case, he had sufficient time to visit with counsel and discuss his conspiracy charge and any possible defenses, and he was satisfied with counsel's representation. Additionally, Lopez and counsel discussed entering into a plea agreement, even though Lopez ultimately pleaded guilty without a plea agreement. Regardless of whether counsel specifically advised Lopez before rearraignment that his guidelines range would be life imprisonment, these facts demonstrate that Lopez received close assistance of counsel. *See United States v. Lord*, 915 F.3d 1009, 1016 (5th Cir.), *cert. denied*, 140 S. Ct. 320 (2019); *McKnight*, 570 F.3d at 647.

Lopez also has not shown that his guilty plea was unknowing or involuntary. He indicated at rearraignment that he understood his guidelines

range would be advisory only, he could be sentenced above or below the guidelines range, and his sentence could be as high as his offense's statutory maximum of life imprisonment. Thus, he understood when he pleaded guilty that he could receive a life sentence.

Furthermore, he indicated at rearraignment that he was pleading guilty because he committed the offense, his guilty plea was not induced by any promise, and he was not threatened, coerced, or forced into pleading guilty. In light of his comments at rearraignment, Lopez has not shown that the factor of whether his guilty plea was unknowing or involuntary weighed in favor of withdrawal of the plea. *See McKnight*, 570 F.3d at 647 & n.2; *United States v. Lampazianie*, 251 F.3d 519, 524 (5th Cir. 2001).

Lopez does not brief any argument on the remaining *Carr* factors, and he thus also has not shown that the district court abused its discretion based on any of those factors. *See United States v. Washington*, 480 F.3d 309, 317 (5th Cir. 2007); *see also United States v. Scroggins*, 599 F.3d 433, 446-47 (5th Cir. 2010) (recognizing that appellant waives arguments that he does not adequately brief). The rule permitting the withdrawal of a guilty plea is not intended "to allow a defendant to make a tactical decision to enter a plea, wait several weeks, and then obtain a withdrawal if he believes that he made a bad choice in pleading guilty." *Carr*, 740 F.2d at 345; *accord United States v. Hurtado*, 846 F.2d 995, 997 (5th Cir. 1988). Lopez has not shown an abuse of discretion with regard to the denial of his motion to withdraw his guilty plea.

With respect to the § 2D1.1(b)(12) enhancement, plain-error review applies because Lopez did not object to the enhancement in the district court. *See United States v. Benitez*, 809 F.3d 243, 249 (5th Cir. 2015); *see also Davis v. United States*, 140 S. Ct. 1060, 1061-62 (2020). The district court adopted the finding in the presentence report (PSR) that the enhancement applied

because Lopez "placed" a co-conspirator "in an apartment for the purpose of distributing methamphetamine." Lopez argues that the facts in the PSR failed to establish that he had the requisite possessory interest or level of control to have "maintained" the apartment for purposes of § 2D1.1(b)(12) or that a primary use of the apartment was the distribution or manufacture of drugs.

"[A] district court may adopt the findings of the PSR without additional inquiry if those facts have an evidentiary basis with sufficient indicia of reliability and the defendant does not present rebuttal evidence or otherwise demonstrate that the information is materially unreliable." *United States v. Hearns*, 845 F.3d 641, 650 (5th Cir. 2017) (internal quotation marks and citation omitted); *accord United States v. Fuentes*, 775 F.3d 213, 220 (5th Cir. 2014). For purposes of plain-error review, the application of the § 2D1.1(b)(12) enhancement is not clear or obvious error if it is "subject to reasonable dispute." *Puckett v. United States*, 556 U.S. 129, 135 (2009); *see United States v. Randall*, 924 F.3d 790, 796 (5th Cir. 2019).

Any error in applying the enhancement is at least subject to reasonable dispute based on the uncontested and unrebutted information in the PSR, which was derived from investigative reports of law enforcement and thus could be properly found to be reliable. *See United States v. Fuentes*, 775 F.3d 213, 220 (5th Cir. 2014); *United States v. Vela*, 927 F.2d 197, 201 (5th Cir. 1991). Accordingly, Lopez has failed to meet his burden under the plain error standard of demonstrating that the assessment of the § 2D1.1(b)(12) enhancement was clear or obvious error. *See Randall*, 924 F.3d at 796.

AFFIRMED.