# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
July 21, 2021

Lyle W. Cayce
Clerk

No. 20-50915
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Jeremiah Hector Marquez,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:18-CR-257-2

Before Jolly, Elrod, and Graves, *Circuit Judges*.

Per Curiam:*

Jeremiah Hector Marquez appeals the sentence imposed for his guilty plea conviction for conspiracy to possess with intent to distribute at least 500 grams of a substance containing methamphetamine. Marquez challenges the assessment of a two-level enhancement pursuant to U.S.S.G. § 2D1.1(b)(12)

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

for maintaining a premises for the purpose of distributing or manufacturing drugs. Because Marquez did not object in the district court to the assessment of the enhancement, we apply plain-error review to the district court's factual finding that the enhancement applied. *See United States v. Benitez*, 809 F.3d 243, 249 (5th Cir. 2015); *see also Davis v. United States*, 140 S. Ct. 1060, 1061-62 (2020).

Marquez argues that the information in the presentence report (PSR), which the district court adopted to find that the enhancement applied, lacked a sufficient evidentiary basis. He asserts that the PSR offered only conclusory statements and unsupported conjecture and did not contain specific information establishing that he maintained a premises for which the distribution of drugs was a primary purpose. *See* § 2D1.1(b)(12); § 2D1.1, comment. (n.17).

A district court may adopt the factual findings of the PSR without further inquiry if the facts have an evidentiary basis with sufficient indicia of reliability, and the defendant fails to present rebuttal evidence or to establish otherwise that the PSR is materially unreliable. *United States v. Hearns*, 845 F.3d 641, 650 (5th Cir. 2017); *accord United States v. Fuentes*, 775 F.3d 213, 220 (5th Cir. 2014). For purposes of plain-error review, application of the § 2D1.1(b)(12) enhancement is not clear or obvious error if it is "subject to reasonable dispute." *Puckett v. United States*, 556 U.S. 129, 135 (2009); *see United States v. Randall*, 924 F.3d 790, 796 (5th Cir. 2019).

Here, any error in applying the § 2D1.1(b)(12) enhancement is at least subject to reasonable dispute based on the uncontested and unrebutted facts in the PSR, which were derived from investigative reports of law enforcement and thus could be properly found to be reliable. *See Fuentes*, 775 F.3d at 220; *United States v. Vela*, 927 F.2d 197, 201 (5th Cir. 1991). Therefore, Marquez has failed to meet his burden under the plain-error standard of showing that

No. 20-50915

the assessment of the § 2D1.1(b)(12) enhancement was clear or obvious error. *See Randall*, 924 F.3d at 796.

AFFIRMED.