23-6595 (L)
*United States v. Kyser*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of May, two thousand twenty-four.

Present:

> REENA RAGGI,
> DENNY CHIN,
> WILLIAM J. NARDINI,
> *Circuit Judges*.

---

UNITED STATES OF AMERICA,

> *Appellee*,

v.

RAHEEM KYSER,

> *Defendant-Appellant*.

23-6595 (L); 23-6596 (con), 23-6600 (con)

---

| | |
|---|---|
| For Appellee: | Rajit S. Dosanjh, Assistant United States Attorney, *for* Carla B. Freedman, United States Attorney for the Northern District of New York, Syracuse, NY. |
| For Defendant-Appellant: | James P. Egan, Assistant Federal Public Defender, Syracuse, NY. |

Appeal from a judgment of the United States District Court for the Northern District of New York (Mae A. D'Agostino, *District Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Raheem Kyser appeals from a judgment of the United States District Court for the Northern District of New York (Mae A. D'Agostino, *District Judge*) entered June 5, 2023, revoking his supervised release and sentencing him to eight months in prison to be followed by three further years of supervised release. Kyser's original term of supervised release arose out of his convictions for (1) Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a); (2) possessing, brandishing, and discharging a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A); (3) a narcotics distribution conspiracy, in violation of 21 U.S.C. § 846; and (4) wire fraud, in violation of 18 U.S.C. § 1343. For those offenses, Kyser had been sentenced to time served along with one year of supervised release for each count, to run concurrently.

Kyser began his term of supervised release on May 19, 2022. During that term, Kyser tested positive for drugs, failed to disclose to the Probation Office his registered car, failed to notify the Probation Office of two traffic stops at which he was present, associated with someone who engaged in criminal conduct, and traveled out of the district without authorization. On March 23, 2023, the Probation Office filed a petition alleging numerous violations of supervision stemming from Kyser's conduct and seeking modification of Kyser's conditions of supervised release to add a period of home detention and to extend the term of supervised release. On April 10, 2023, the district court granted the petition, and the probation officer directed Kyser to report on the same day for the installation of electronic monitoring equipment necessary for home detention. Kyser, however, failed to report and did not respond to any communications sent by the probation officer.

2

As a result, on April 13, 2023, the Probation Office filed a petition to revoke Kyser's supervised release. Following a revocation hearing, the district court revoked Kyser's supervised release and sentenced him to eight months of imprisonment, to be followed by three years of supervised release. The district court also imposed several special conditions of supervised release, including one prohibiting Kyser's use of alcohol and requiring Kyser to submit to alcohol testing and treatment (the "Alcohol Condition"). The district court explained that the special conditions— including the Alcohol Condition—"are directly related to [Kyser's] substance abuse history" and were meant to "assist [Kyser] in [his] rehabilitation efforts and to allow for ongoing monitoring of [his] drug use and alcohol use." App'x at 53. Kyser now appeals, challenging only the Alcohol Condition. We assume the parties' familiarity with the case.

As a preliminary matter, the parties dispute the appropriate standard of review for this case. "Generally, we review conditions of supervised release for abuse of discretion. When the defendant does not object to the conditions, however, we review only for plain error." *United States v. Green*, 618 F.3d 120, 122 (2d Cir. 2010).[1] We have sometimes stated that, in the context of sentencing, we apply "a 'relaxed' form of plain error review in those rare cases in which the defendant lacked sufficient prior notice that a particular condition of supervised release might be imposed." *United States v. Matta*, 777 F.3d 116, 121 (2d Cir. 2015). Kyser argues that relaxed plain error applies due to the lack of notice of the Alcohol Condition before sentencing, whereas the government contends that plain error applies because Kyser failed to object to the Alcohol

---

[1] Unless otherwise indicated, case quotations omit all internal quotation marks, alteration marks, footnotes, and citations.

Condition when the district court orally imposed it.[2] We need not resolve this dispute because, as explained below, Kyser's claim fails regardless of which standard of review applies.

Turning to the merits of the appeal, Kyser argues that the district court erred by imposing the Alcohol Condition because it is not reasonably related to sentencing factors listed in 18 U.S.C. § 3583(d). Specifically, Kyser argues that there is no evidence that he "had any problem with alcohol," Appellant's Br. at 11, and his violation conduct as well as his prior offenses did not involve the use of alcohol. We disagree.

"[D]istrict courts . . . have discretion to impose other, non-mandatory conditions of supervised release, which are commonly referred to as special conditions. *United States v. Kunz*, 68 F.4th 748, 758 (2d Cir. 2023). "That discretion is constrained by 18 U.S.C. § 3583(d)(1) and Sentencing Guidelines § 5D1.3(b), which each require, among other things, that the special conditions be reasonably related to familiar sentencing factors such as the nature of the offense, the history and characteristics of the defendant, broader deterrence and public protection interests, and various needs of the defendant." *Id*. When imposing a special condition of supervised release, "[a] district court is required to make an individualized assessment . . . and to state on the record the reason for imposing it; the failure to do so is error." *United States v. Betts*, 886 F.3d 198, 202 (2d Cir. 2018). But "[i]n the absence of such an explanation, we may uphold the condition imposed only if the district court's reasoning is self-evident in the record." *Id.*

We conclude that the district court did not abuse its discretion, much less plainly err, by imposing the Alcohol Condition. The record is replete with evidence of Kyser's history of

---

[2] The government further argues that the relaxed plain error standard is inconsistent with various Supreme Court precedent. We have questioned "whether our relaxed practice survived the Supreme Court's decision in *Davis*[ *v. United States*, 589 U.S. 345, 346–47 (2020)], which relied on the language of Fed. R. Crim. P. 52(b)." *United States v. Osuba*, 67 F.4th 56, 65 n.6 (2d Cir. 2023), *cert. denied,* 144 S. Ct. 577 (2024). But we need not address the viability of the relaxed plain error standard given that Kyser's arguments fail under any standard of review.

substance abuse. Kyser tested positive for drugs on three separate occasions while on supervised release. Before sentencing, defense counsel submitted a letter to the district court stating that Kyser "was actively using fentanyl and heroin," App'x at 39, and "in the throes of addiction," *id.* at 38, leading up to and when the district court imposed home detention. Defense counsel asked the district court to "weigh heavily that Mr. Kyser's violation conduct was driven by addiction" when crafting a sentence. *Id.* at 39. Moreover, contrary to Kyser's contentions, the record indicates that Kyser's problems extended to alcohol: in a letter that Kyser submitted to the district court, Kyser's uncle wrote that Kyser had been "under the influence of drugs ever since he lost his mother and son" and that Kyser fell "back into using drugs and drinking just to avoid his feeling of inadequacy." *Id.* at 36. In light of that evidence, which specifically referenced Kyser's alcohol abuse, the Alcohol Condition was reasonably related to proper sentencing factors, that is, the nature of the violations of supervised release, Kyser's history and characteristics, and the goal of rehabilitation. Indeed, the imposition of the Alcohol Condition in such circumstances is consistent with the Sentencing Guidelines, which recommends, *inter alia*, "a condition specifying that the defendant shall not use or possess alcohol" when "the court has reason to believe that the defendant is an abuser of narcotics, other controlled substances or alcohol." U.S.S.G. § 5D1.3(d)(4).

* * *

We have considered Kyser's remaining arguments and find them to be unpersuasive. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk

5