**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 24-4258**

———————

UNITED STATES OF AMERICA,

           Plaintiff - Appellee,

     v.

KARIVA CROSS,

           Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of Virginia, at Newport News.  Arenda L. Wright Allen, District Judge.  (4:17-cr-00118-AWA-DEM-2)

———————

Submitted:  October 22, 2024                    Decided:  October 25, 2024

———————

Before KING and WYNN, Circuit Judges, and TRAXLER, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

**ON BRIEF:** Jamison P. Rasberry, RASBERRY LAW, PC, Virginia Beach, Virginia, for Appellant.  Brian James Samuels, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Newport News, Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kariva Cross appeals the district court's judgment revoking her term of supervised release and sentencing her to 24 months' imprisonment. On appeal, Cross's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning the procedural reasonableness of the sentence. Cross has filed a pro se supplemental brief challenging the substantive reasonableness of her sentence.[*] The Government has declined to file a response brief. We affirm.

"A district court has broad . . . discretion in fashioning a sentence upon revocation of a defendant's term of supervised release." *United States v. Slappy*, 872 F.3d 202, 206 (4th Cir. 2017). "We will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *Id.* at 207 (internal quotation marks omitted). "To consider whether a revocation sentence is plainly unreasonable, we first must determine whether the sentence is procedurally or substantively unreasonable." *Id.* Even if a revocation sentence is unreasonable, we will reverse only if it is "plainly so." *Id.* at 208 (internal quotation marks omitted).

A district court imposes a procedurally reasonable sentence by "considering the Sentencing Guidelines' nonbinding Chapter Seven policy statements and the applicable 18

---

[*] Cross also contends that her counsel performed deficiently at the revocation hearing. Because evidence of counsel's alleged "ineffectiveness does not conclusively appear on the face of the record," this claim "should be raised, if at all, in a motion under 28 U.S.C. § 2255." *United States v. Barnett*, 48 F.4th 216, 222 n.3 (4th Cir. 2022).

2

U.S.C. § 3553(a) factors," "adequately explain[ing] the chosen sentence," and "meaningfully respond[ing] to the parties' nonfrivolous arguments" for a different sentence. *Id.* at 207 (footnote omitted). And a court complies with substantive reasonableness requirements by "sufficiently stat[ing] a proper basis for its conclusion that the defendant should receive the sentence imposed." *Id.* (internal quotation marks omitted).

*Anders* counsel questions whether the district court relied too heavily on the seriousness of Cross's supervision violations. "[A] district court may not impose a revocation sentence based predominately on the seriousness of the releasee's violation . . . ." *United States v. Webb*, 738 F.3d 638, 642 (4th Cir. 2013). However, the court may consider, "to a limited degree, the seriousness of the underlying violation," as long as the sentence "sanction[s] primarily the defendant's breach of [the court's] trust." U.S. Sentencing Guidelines Manual ch. 7, pt. A(3)(b), p.s. (2023); *accord Webb*, 738 F.3d at 641. Because Cross did not contest the court's sentencing explanation below, we review only for plain error. *Webb*, 738 F.3d at 640.

In the underlying proceeding, Cross pleaded guilty to aggravated identity theft and conspiracy to commit bank fraud. While on supervised release, Cross participated in—and later pleaded guilty to—a wire fraud conspiracy arising out of fraudulent Paycheck Protection Program applications. *See United States v. Boler*, 115 F.4th 316, 320 n.1 (4th Cir. 2024) (discussing Paycheck Protection Program). After correctly calculating a policy statement range of 4 to 10 months' imprisonment, the district court imposed a substantial upward variance sentence, highlighting both the substantial trust initially placed in Cross

3

and the egregious breach of that trust occasioned by her subsequent violations. First, the court recalled how well Cross presented at her original sentencing, leading the court to conclude that she would never offend again. As a result, Cross received several benefits, including a downward variance sentence and a delay to her prison start date so that she could take care of her children. But Cross badly betrayed the court's confidence by engaging in new criminal conduct that, in the court's view, was far worse than Cross's original crimes. Still, the court repeatedly emphasized that Cross's severe breach of trust was the driving force behind its sentencing decision. Accordingly, we discern no plain error in the court's sentencing decision.

Next, *Anders* counsel questions whether the district court erroneously found that Cross participated in the wire fraud conspiracy while in prison. We review this unpreserved factual argument for plain error. *Davis v. United States*, 589 U.S. 345, 347 (2020) (per curiam). Here, as the district court noted, the indictment alleged that the conspiracy began when Cross was still incarcerated, though it did not specify when Cross joined the conspiracy. Even assuming arguendo that the court erred, under the circumstances of this case, we discern no basis for concluding that such error affected Cross's substantial rights, as necessary to establish plain error. *See United States v. Claybrooks*, 90 F.4th 248, 256 (4th Cir. 2024).

Finally, Cross challenges the substantive reasonableness of her sentence. Given Cross's swift return to fraudulent conduct after receiving favorable treatment during her original sentencing proceeding, we readily conclude that the district court's upward variance sentence was warranted to reflect the depth of Cross's incredible breach of trust.

4

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Cross's revocation judgment. This court requires that counsel inform Cross, in writing, of the right to petition the Supreme Court of the United States for further review. If Cross requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Cross.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*