24-2372-cr
*United States v. Johnson*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of June, two thousand twenty-five.

Present:

> EUNICE C. LEE,
> SARAH A. L. MERRIAM,
> MARIA ARAÚJO KAHN,
> *Circuit Judges.*

---

UNITED STATES OF AMERICA,

> *Appellee,*

v.                                                                                     No. 24-2372-cr

JAMES JOHNSON,

> *Defendant-Appellant.*

---

| | |
|---|---|
| For Appellee: | Rajit S. Dosanjh, Assistant United States Attorney, *for* Daniel Hanlon, Acting United States Attorney for the Northern District of New York, Syracuse, NY. |
| For Defendant-Appellant: | Molly K. Corbett, Assistant Federal |

Public Defender, Albany, NY.

Appeal from a September 5, 2024 judgment of the United States District Court for the Northern District of New York (D'Agostino, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant James Johnson appeals from a judgment revoking his supervised release and sentencing him to an aggregate term of 9 months of imprisonment, along with a new two-year term of supervised release, after he was found guilty of ten violations of supervised release. On appeal, Johnson argues that the sentence he received upon revocation of his supervised release was procedurally and substantively unreasonable.

On September 21, 2023, Johnson began serving a three-year term of supervised release following a 30-month sentence of imprisonment for a conviction of unlawful possession of a firearm as a felon, in violation of 18 U.S.C. § 922(g)(1). Nearly 6 months into Johnson's supervised release, the district court imposed a 60-day period of home detention as a modification to supervision following, *inter alia*, Johnson's two positive drug tests and admission of drug use. Less than a month later, the district court modified Johnson's supervision again and ordered Johnson to be placed in a Residential Reentry Center ("RRC") for 3 months due, in part, to his failure to report to mental health and substance abuse treatment programs and his leaving his home during home detention without approval. Thereafter, Johnson's violative conduct continued, and the Probation Office subsequently petitioned the district court to revoke his supervised release, alleging eleven Grade C violations of supervised release, including Johnson's noncompliance at the RRC, refusal to report for random drug testing, and failure to submit monthly reports to

2

Probation. Probation's revocation petition noted that because Johnson's criminal history category was III and all violations were Grade C, the applicable Sentencing Guidelines policy statement suggested a term of imprisonment in the range of 5-11 months, and the district court could impose an additional term of supervised release up to a three-year term, less any term of imprisonment that was imposed upon revocation, pursuant to 18 U.S.C. § 3583(h) and U.S.S.G. § 7B1.3(g)(2).

Prior to the revocation hearing, defense counsel's written submission notified the district court that Johnson would admit to ten of the eleven violations and requested that the court impose a 4-month term of imprisonment to be followed by an 18-month term of supervised release. Defense counsel contended that this proposal accounted for the mitigating circumstances in Johnson's case, such as his lack of familial guidance and support, as well as learning difficulties that were likely contributors to Johnson's criminal history. Defense counsel further explained that because Johnson's noncompliance with his conditions of supervised release was not a return to criminal activity per se, Johnson had demonstrated his evolution and was now committed to following the rules of supervision. Defense counsel also noted that the current Sentencing Guidelines recommend giving weight to a defendant's youth at the time of the offense.

At the revocation hearing, defense counsel additionally argued for leniency based on another recent amendment to the Sentencing Guidelines, under which Johnson would have been eligible for a lower criminal history score if he had been sentenced for the underlying offense after the amendment was enacted. The government joined defense counsel's recommendation of a 4-month prison term but requested a two-year term of supervised release due to Johnson's multiple violations. Johnson addressed the court by apologizing to his probation officer for his conduct.

3

The district court found Johnson in violation and, while recounting Johnson's history on supervised release, noted that his noncompliance occurred within the first ten months of his release and stated that his conditions of supervised release had been modified three times. Ultimately, the district court sentenced Johnson to 9 months of imprisonment to be followed by a two-year term of supervised release with special conditions, finding the sentence sufficient, but not greater than necessary, to meet the goals of 18 U.S.C. § 3553(a). Johnson raised no objections at sentencing. This appeal followed.

*                        *                        *

When a defendant fails to raise objections to a district court's sentence, including its consideration of sentencing factors or the factual accuracy of its explanation, we review for plain error. *See United States v. Verkhoglyad*, 516 F.3d 122, 128 (2d Cir. 2008); *see also Davis v. United States*, 589 U.S. 345, 347 (2020) (per curiam) (explaining that factual errors and other categories of errors are not immunized from plain-error review). "To establish plain error, a defendant must show (1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the defendant's substantial rights; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Zhang*, 135 F.4th 44, 51 (2d Cir. 2025) (internal quotation marks omitted) (alterations adopted).

Johnson argues that his sentence was procedurally unreasonable because the district court (1) failed to account for the mitigating factor of his youth and the fact that, in light of recent amendments to the Guidelines, he would have a reduced criminal history category if he were

4

sentenced now; and (2) relied on a factual error about the number of modifications to his supervised release and the escalation of his conduct. However, we conclude that the district court did not commit procedural error.

"[T]his Court presumes that the sentencing judge has considered all relevant § 3553(a) factors and arguments unless the record suggests otherwise." *United States v. Rosa*, 957 F.3d 113, 118 (2d Cir. 2020). "[T]he weight to be afforded any § 3553(a) factor 'is a matter firmly committed to the discretion of the sentencing judge and is beyond our review, as long as the sentence ultimately imposed is reasonable.'" *Verkhoglyad*, 516 F.3d at 131 (quoting *United States v. Fernandez*, 443 F.3d 19, 32 (2d Cir. 2006), *abrogated on other grounds by Rita v. United States*, 551 U.S. 338 (2007)).

The district court was well within its discretion in imposing Johnson's sentence. Despite Johnson's argument that the district court erred by not considering his youth as a mitigating factor and the effect of the current Sentencing Guidelines, the district court is not obliged to "expressly parse or address every argument relating to th[e] [§ 3553(a)] factors that the defendant advanced." *Fernandez*, 443 F.3d at 30. The district court met its procedural obligations to justify the imposed sentence by discussing its rationale at length, including Johnson's repeated failure to comply with the conditions of supervision and his required substance abuse and mental health treatment. Furthermore, to the extent that the district court misspoke by claiming that Johnson's release conditions had been modified three times instead of two, Johnson fails to establish, under plain-error review, that this error affected his substantial rights, particularly given that the district court gave an accurate recitation of Johnson's history of supervised release, including the circumstances resulting in the two undisputed modifications. *See United States v. Moore*, 975 F.3d 84, 93 (2d

5

Cir. 2020) (explaining that district court's minor factual misstatement during sentencing did not satisfy plain-error review). Lastly, there is no basis to find that the district court's characterization of Johnson's conduct as escalating was procedural error—let alone plain error—in light of the multiple modifications of his release conditions and continued violations.

Johnson also argues that the imposition of the two-year term of supervised release was substantively unreasonable because it is longer than necessary for him to demonstrate his commitment to substance abuse and mental health treatment, and the district court's perception of his dangerousness is unfounded. We "set aside a district court's substantive determination only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." *United States v. Ingram*, 721 F.3d 35, 37 (2d Cir. 2013) (per curiam) (emphasis omitted) (quoting *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008)). Because Johnson's underlying offense authorized a maximum three-year term of supervised release and his term of imprisonment was 9 months, the two-year supervised release term was statutorily permitted. *See* 18 U.S.C. § 3583(h); 18 U.S.C. §§ 924(a)(2), 3583(b)(2). Given that Johnson's sentence is not "shockingly high, shockingly low, or otherwise unsupportable as a matter of law," it is substantively reasonable. *United States v. Rigas*, 583 F.3d 108, 123 (2d Cir. 2009).

For the reasons set forth above, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

6