**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 24-4337**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TERRIWANNA CARMICHAEL,

Defendant - Appellant.

---

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  Louise W. Flanagan, District Judge.  (7:19-cr-00075-FL-3)

---

Submitted:  April 25, 2025                              Decided:  August 18, 2025

---

Before AGEE and BERNER, Circuit Judges, and KEENAN, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

**ON BRIEF:**  Raymond C. Tarlton, TARLTON LAW PLLC, Raleigh, North Carolina, for Appellant.  Michael F. Easley, Jr., United States Attorney, David A. Bragdon, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Terriwanna Carmichael appeals the 16-month sentence imposed upon the revocation of her supervised release.  On appeal, Carmichael argues that the district court failed to sufficiently address her mitigating arguments or to explain the basis for the upward variant sentence it imposed.  Finding no error, we affirm.

"A sentencing court has broad discretion to impose a revocation sentence up to the statutory maximum." *United States v. Coston*, 964 F.3d 289, 296 (4th Cir. 2020) (internal quotation marks omitted).  We "will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *United States v. Patterson*, 957 F.3d 426, 436 (4th Cir. 2020).  In reviewing a revocation sentence, "we take a more deferential appellate posture concerning issues of fact and the exercise of discretion than reasonableness review for [G]uidelines sentences." *United States v. Slappy*, 872 F.3d 202, 207 (4th Cir. 2017) (alteration and internal quotation marks omitted).  Only if we find the sentence unreasonable will we determine whether it is "plainly" so. *Patterson*, 957 F.3d at 437.

"A revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after considering the Sentencing Guidelines' nonbinding Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) factors." *Coston*, 964 F.3d at 297 (internal quotation marks omitted).  "The requirement of an adequate explanation is meant to allow for meaningful appellate review of a sentencing determination." *United States v. Fowler*, 948 F.3d 663, 668 (4th Cir. 2020) (internal quotation marks omitted). When a district court imposes a sentence above the policy statement range, it must explain why that sentence "better serves the relevant sentencing

2

[factors]." *Slappy*, 872 F.3d at 209 (internal quotation marks omitted); *see United States v. Provance*, 944 F.3d 213, 217 (4th Cir. 2019) ("A major departure should be supported by a more significant justification than a minor one." ). "The court must also include in its explanation the assurance that the court considered any potentially meritorious arguments raised by the parties with regard to sentencing." *Patterson*, 957 F.3d at 436-37 (internal quotation marks omitted). "Although that is a low bar, the record must reflect some affirmation that the court considered the arguments in mitigation made by a defendant." *Id.* at 440.

"[O]ur review of a district court's sentencing explanation is not limited to the court's statements at the moment it imposes sentence," but instead "look[s] at the full context, including the give-and-take of a sentencing hearing." *United States v. Nance*, 957 F.3d 204, 213 (4th Cir. 2020). Additionally, the requirement that a district court address a defendant's mitigation arguments "focuses on the whole of a defendant's argument and does not require the court to address every argument a defendant makes." *United States v. Gaspar*, 123 F.4th 178, 182-83 (4th Cir. 2024) (internal quotation marks). In other words, "when a district court addresses a defendant's central thesis, it need not address separately every specific claim made in support." *United States v. Powers*, 40 F.4th 129, 137 (4th Cir. 2022) (alteration and internal quotation marks omitted).

Our review of the revocation proceeding reveals that the district court considered Carmichael's mitigation arguments and provided a reasoned explanation for the upward variant sentence it imposed. The district court directly responded to many of Carmichael's mitigation points. When she argued that she had limited culpability for her underlying

3

criminal offense, the district court observed that she had received a break at her original sentencing.[1] When she referenced her IQ score, the district court responded that it did not believe she had tried on her IQ test.[2] When she emphasized her compliance in the month leading up to the revocation hearing, the court acknowledged this step as hopeful but determined that Carmichael had complied only when threatened with revocation, which did not show that she was amenable to supervision.

The court also engaged with Carmichael's pro se argument that she was taking steps to get her life together, eventually concluding that she was not on track and had proven that she could not stay on track in view of her conduct over the course of her supervision. Carmichael now attempts to parse this argument into its component data points, faulting the district court for failing to acknowledge each one. But, the district court was not required to address each of these points individually. *See Powers*, 40 F.4th at 137; *Nance*, 957 F.3d at 214.

The district court did not explicitly acknowledge Carmichael's three remaining mitigation arguments. However, the district court's statements were responsive to these points and, when viewed in the context of the revocation proceeding as a whole, provide

---

[1] Although Carmichael now argues that this finding is inaccurate, Carmichael's counsel expressly agreed with the district court's analysis at sentencing, and our review of the record reveals no plain error in this finding. *See Davis v. United States*, 589 U.S. 345, 347 (2020) (per curiam) (explaining that unpreserved factual errors at sentencing are subject to plain error review).

[2] Although Carmichael again challenges the accuracy of this finding, the finding echoes a competency report documented in the presentence report, to which Carmichael has never objected. *See id.*

4

sufficient assurance that it considered and rejected these remaining arguments. Carmichael attempted to minimize the seriousness of her violations, implying that she had not engaged in more severe conduct. The district court countered this argument by focusing on the severity of her breach of trust in repeatedly and, at times, brazenly refusing to comply with her release conditions. Carmichael also noted the destabilizing effects of imprisonment to argue that prison was not an appropriate sanction for her violations. The district court signaled its disagreement by explaining that Carmichael's unwillingness to meaningfully attempt rehabilitation demonstrated that she was incapable of successful supervision, leaving prison the only appropriate means of addressing her violations.

Carmichael further argued that she was less culpable for her repeated noncompliance with the conditions of her supervision because her severe addiction, mental health diagnoses, and neurodivergence provided significant barriers to compliance. Although the court did not directly reference these factors, it rejected Carmichael's suggestion that her neurology was to blame for her violations. Instead, the district court concluded from her pattern of conduct on supervision that she did not care, was not trying to comply with the requirements of supervision, and would not do so unless threatened with additional imprisonment. The record ultimately supports these findings.

At bottom, the district court provided a sufficient explanation for its decision to vary substantially upward. The court focused principally on Carmichael's significant breach of the court's trust in refusing to engage meaningfully in treatment and continuing to use marijuana unapologetically, even after the district court provided her multiple additional opportunities to bring her behavior into compliance. *See United States v. Webb*, 738 F.3d

5

638, 641 (4th Cir. 2013) (explaining that revocation sentence "should sanction primarily the defendant's breach of trust" (internal quotation marks omitted)).  The court grounded its sentence in relevant 18 U.S.C. § 3553(a) factors—including nature and circumstances of the violations, Carmichael's history and characteristics, and the need to deter future offenses and to protect the public—and provided a reasoned basis for imposing a sentence higher than that recommended by the parties or the policy statements.  Because this explanation satisfies the relaxed standards applicable to revocation proceedings, *see Patterson*, 957 F.3d at 440; *Slappy*, 872 F.3d at 209, we conclude the sentence was procedurally reasonable.

Accordingly, we affirm the district court's judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*