**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 24-4394**

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

  v.

CHARMAINE MIESHA BROWN,

    Defendant - Appellant.

---

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Theodore D. Chuang, District Judge.  (8:22-cr-00164-TDC-2)

---

Submitted:  December 30, 2025       Decided:  January 13, 2026

---

Before GREGORY, THACKER, and HEYTENS, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**ON BRIEF:** Stuart A. Berman, LERCH, EARLY & BREWER, CHARTERED, Bethesda, Maryland, for Appellant.  Kelly O. Hayes, United States Attorney, David C. Bornstein, Assistant United States Attorney, Brandon K. Moore, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A federal jury found Charmaine Miesha Brown guilty of conspiracy to commit passport fraud, in violation of 18 U.S.C. § 371; conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349; bankruptcy fraud, in violation of 18 U.S.C. § 157(1); and false statements in bankruptcy, in violation of 18 U.S.C. § 152(3). The district court sentenced Brown to 30 months' imprisonment and Brown now appeals. For the following reasons, we affirm.

Brown married her codefendant, Andrews Oduro Brown ("Oduro"), in January 2014. Oduro is a Ghanaian national who entered the United States in May of 2013. Brown and Oduro applied for United States passports for Oduro's two Ghanaian children, falsely claiming on the passport applications that Brown was the children's biological mother. Brown and Oduro also used the identity of another man to collect childcare subsidy payments from the state of Maryland and to take out car loans and credit card loans. Brown and Oduro then discharged the debt incurred under the false identity through bankruptcy proceedings. Oduro pled guilty to several charges, and the district court sentenced him to 28 months' imprisonment.

On appeal, Brown first challenges the district court's denial of her motion for a judgment of acquittal under Fed. R. Crim. P. 29. We "review de novo a district court's denial of a Rule 29 motion." *United States v. Burfoot*, 899 F.3d 326, 334 (4th Cir. 2018). We "must sustain a guilty verdict if, viewing the evidence in the light most favorable to the prosecution, the verdict is supported by substantial evidence." *Id*. "Substantial evidence is that which a reasonable finder of fact could accept as adequate and sufficient

2

to support a conclusion of a defendant's guilt beyond a reasonable doubt." *Id*. (citation modified). "Reversal for insufficient evidence is reserved for the rare case where the prosecution's failure is clear." *United States v. Wolf*, 860 F.3d 175, 194 (4th Cir. 2017) (citation modified).

"When a defendant raises specific grounds in a Rule 29 motion, grounds that are not specifically raised are waived on appeal unless a manifest miscarriage of justice has occurred." *United States v. Duroseau*, 26 F.4th 674, 678 (4th Cir. 2022) (citation modified); *see id.* at 678 n.2 (explaining that arguments not raised in motion for judgment of acquittal are properly considered forfeited, rather than waived, and can be reviewed for miscarriage of justice). "Under [the manifest miscarriage of justice] standard, the court assesses whether the record is devoid of evidence pointing to guilt, or the evidence on a key element of the offense is so tenuous that a conviction would be shocking." *United States v. Rao*, 123 F.4th 270, 276 (5th Cir. 2024) (citation modified). Furthermore, "[w]hether an affirmative defense is established is a factual issue that is usually a function of the jury, and the trial court rarely rules on a defense as a matter of law." *United States v. Sarno*, 24 F.3d 618, 621 (4th Cir. 1994).

At trial, Brown raised a necessity defense for the passport and wire fraud conspiracy charges, and at the close of evidence moved for a judgment of acquittal under Rule 29 based on her necessity defense. She argues on appeal that the district court should have granted a judgment of acquittal based on the defense. Having reviewed the evidence in a light most favorable to the Government, we conclude that the district court did not err by providing the jury with instruction on Brown's necessity defense rather than granting her

3

motion for a judgment of acquittal.  Contrary to Brown's assertions on appeal, she did not establish her necessity defense beyond any doubt.  *See United States v. Bailey*, 444 U.S. 394, 410 (1980) (noting, to establish necessity defense, "if there was a reasonable, legal alternative to violating the law, . . . the defense will fail." (citation modified)).  The court thus properly allowed the jury to make the determination; the jury's rejection of the defense is supported by substantial evidence.

Because Brown failed to raise other challenges to the sufficiency of the Government's evidence in her motion for acquittal, the remaining issues she raises on appeal are forfeited absent "a manifest miscarriage of justice." *Duroseau*, 26 F.4th at 678. On appeal, Brown challenges the sufficiency of the Government's evidence as to the wire fraud conspiracy charge, her specific intent and lack of good faith for the bankruptcy fraud and making false statements in a bankruptcy proceeding charge, and the materiality of the false statements for the false statements in a bankruptcy proceeding charge.  Having reviewed the evidence, we conclude that the Government provided substantial evidence to support these convictions and thus there was no material miscarriage of justice.

Brown also argues for the first time on appeal that her conviction for bankruptcy fraud relied on what she claims is an invalid "trustee-victim" legal theory.  As Brown raises this claim for the first time on appeal, we review for plain error.  *See Davis v. United States*, 589 U.S. 345, 346-47 (2020).  Under plain-error review, the defendant "must show (1) that the court erred, (2) that the error is clear and obvious, and (3) that the error affected [her] substantial rights, meaning that it affected the outcome of the district court proceedings." *United States v. McCabe*, 103 F.4th 259, 279 (4th Cir. 2024) (citation modified).  However,

4

"even when those plain error requirements have been satisfied, we will not correct the error unless [the error] seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (citation modified).

Here, the indictment and the jury instructions charged that Brown devised a scheme to defraud her creditors and the bankruptcy trustee. On appeal, Brown argues that a conviction under 18 U.S.C. § 157 may not be sustained based on a theory that the defendant defrauded the bankruptcy trustee. In support of this argument, Brown relies on out-of-circuit precedent. However, "an error is only plain if the settled law of the Supreme Court or this circuit establishes that an error has occurred." *United States v. Comer*, 5 F.4th 535, 549 (4th Cir. 2021) (citation modified). Therefore, even if the out-of-circuit precedent Brown cites stands for this proposition, she cannot rely on that precedent to demonstrate plain error. This claim therefore fails.

Finally, Brown challenges the substantive reasonableness of her sentence. We review criminal sentences for reasonableness "under a deferential abuse-of-discretion standard." *United States v. Lewis*, 18 F.4th 743, 748 (4th Cir. 2021) (citation modified). Although Brown does not challenge the procedural reasonableness of her sentence, we must nonetheless ensure that his sentence is procedurally sound. *See United States v. Provance*, 944 F.3d 213, 218 (4th Cir. 2019). Here, we discern no procedural error, and we conclude that Brown's sentence is procedurally reasonable.

In reviewing the substantive reasonableness of a sentence, we evaluate "the totality of the circumstances to determine whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." *United*

5

*States v. Nance*, 957 F.3d 204, 212 (4th Cir. 2020) (citation modified). "A sentence that is within or below a properly calculated [Sentencing] Guidelines range is presumptively [substantively] reasonable." *United States v. Bennett*, 986 F.3d 389, 401 (4th Cir. 2021) (citation modified). "On appeal, such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *Id*. (citation modified).

On appeal, Brown argues that the disparity between her 30-month term of imprisonment and her codefendant's 28-month term of imprisonment renders her sentence substantively unreasonable. However, the sentence is presumptively reasonable, as it falls below the properly calculated Guidelines range. Moreover, the district court clearly explained its consideration of the § 3553(a) factors during Brown's sentencing hearing, including Brown's personal history and characteristics, the nature of the multiple fraud charges, and the need to deter the types of fraud at issue. In addition, the district court addressed the issue of a potential disparity in sentencing between the codefendants, explaining that Brown's codefendant had accepted responsibility, pled guilty, and did not raise the issue of a necessity defense and, unlike Brown, had no criminal history. Brown, on the other hand, went to trial before a jury and did not accept responsibility for her offenses. The district court ultimately concluded that a 30-month term of imprisonment for Brown would avoid a sentencing disparity. As the district court determined, we discern no unwarranted sentencing disparity between Brown and Oduro, and the district court did not abuse its discretion in sentencing Brown to a below-Guidelines term of imprisonment.

6

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*